UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____ )
**JINGYU CHEN** )
 )
       **Plaintiff,** )
 )
            v. ) Civil Action No. 19-cv-05387 (PMH)
 )
**YONG ZHAO CAI,** *et al.***,** )
 )
       **Defendants.** )
_____ )

**DEFENDANT ORGANIZATIONS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR REPLY TO PLAINTIFF'S OPPOSITION
TO THEIR MOTION TO DISMISS**

Terri E. Marsh
HUMAN RIGHTS LAW
FOUNDATION
1701 Rhode Island Avenue, N.W.
Fourth Floor
Washington, D.C. 20036
Tel.: 202-697-3858
Email: Terri.marsh.hrlf@gmail.com

Dated: June 30, 2021

# Table of Contents

PRELIMINARY STATEMENT .................................................................................................1
ARGUMENT...................................................................................................................................3
    I.   Plaintiff does not state a Claim for respondeat superior............................................3
        A.  Plaintiff's Opposition Does Not Establish an Employment Relationship Between the Defendant Organizations and Cheung. ..................................................................3
        B.  Scope of Duty Generally. ...........................................................................................3
        C.  The *Riviello* Factors..................................................................................................4
    II.  Plaintiff Does Not State a Claim for Negligent Hiring or Negligent Security. .....................5
        A.  Negligent Hiring, Retention, and Supervision. ................................................5
        B.  Negligent Security.........................................................................................7
    III.  III. Plaintiff does not state a Claim under the Trafficking Victims Protection Reauthorization Act. ................................................................................................8
        A.  Peonage. ........................................................................................................8
        B.  Forced Labor. ...............................................................................................8
    IV.  Plaintiff Does Not State a Claim under RICO. .................................................9
CONCLUSION ............................................................................................................................10

# Table of Authorities

**Cases**

*A.B. v. Staropoli*, 929 F. Supp. 2d 2664 (S.D.N.Y. 2013) ..............................................................6
*Adorno v. Corr Servs. Corp.*, 312 F. Supp.2d 505 (S.D.N.Y. 2004) ..............................................4
*Bailey v State of Alabama*, 219 U.S. 219 (1911) ..........................................................................8
*Bell Atl. Corp. v. Twombly*, 550 U.S 544 (2007)............................................................... 3, 6, 10
*David v. Weinstein Co. LLC*, 2019 WL 1864073 (S.D.N.Y. 2019)................................................7
*Doe v. Alsaud,* 12 F. Supp.3d 674 (S.D.N.Y. 2014)............................................................ 3, 4, 5, 6
*Ehrens v. Lutheran Church*, 385 F.3d 232 (2d Cir.2004) ..............................................................5
*FAT Brands Inc. v. PPMT Cap. Advisors, Otd.,* 2021 WL, 37709 (S.D.N.Y. 2021) .....................5
*Geiss v. Weinstein*, 383 F. Supp. 3d 156 (S.D.N.Y. 2019) .............................................................9
*Haybeck v. Prodigy Servs. Co.*, 944 F. Supp. 326 (S.D.N.Y. 1996) ..............................................4
*In re SAIC Inc. Derivative Litig.*, 948 F. Supp.2d 366 (S.D.N.Y 2013)..................................... 6, 9
*Krystal G. v. Roman Catholic Archdiocese of Brooklyn*, 34 Misc.3d 531 (N.Y. Sup. Ct 2011) ...6
*Milosevic v. O'Donnell*, 89 A.D.3d 628 (1st Dept 2011) ..............................................................5
*Moskal v. Fleet Bank*, 180 Misc.2d 819 (N.Y. Sup. Ct. 1999) ......................................................8
*Nobel v. Weinstein*, 335 F. Supp.3d 504 (S.D.N.Y. 2018) ............................................................8
*Plante v. Hinton*, 271 A.D.2d 781 (N.Y. App. Div. 2000) ............................................................7
*Read v. Corning Inc.*, 371 F. Supp.3d 87 (W.D.N.Y. 2019) ..........................................................6
*Rich v. Fox News Network*, LLC, 939 F.3d 112 (2d Cir. 2019) ....................................................5
*Riviello v. Waldron*, 47 N.Y.2d 297 (N.Y. 1979)..........................................................................4
*Ross v. Mitsui Fudosan*, 2 F. Supp.2d 522 (S.D.N.Y. 1998) ........................................................6
*Schaeffer v. Vera Wang Bridal House, Ltd.*, 64 F. Supp.2d 286 (S.D.N.Y 1999).........................7
*U.S. v Afyare*, 632 Fed. App. 272 (6th Cir. 2016) .........................................................................8
*Zhang Jingrong v. Chinese Anti-Cult World All.*, 311 F. Supp. 3d 514 (E.D.N.Y. 2018) ...........2

**Statutes**

18 U.S.C. § 1589 .............................................................................................................................8
18 U.S.C. § 1962 .............................................................................................................................9

**Treatises**

W. COLE DURHAM & ROBERT SMITH, RELIGIOUS ORGANIZATIONS AND THE
  LAW, § 8:21 (2017).................................................................................................................2

**Defendant Organizations' Memorandum of Law in Support
of Their Reply to Plaintiff's Opposition to Their Motion to Dismiss**

Defendants NY Falun Dafa Association Corp.; The Eastern US Buddha's Study (Falun Dafa) Association, Inc.; Falun Dafa Information Center, Inc.; Friends of Falun Gong, Inc.; NY Metropolitan Falun Dafa Association, Inc.; International Falun Dafa Association, Inc.; Falun Gong Club of Orange County, Inc.; and NY Upstate Falun Dafa Association, Inc. ("the Defendant Organizations"), respectfully submit this Memorandum of Law in support of their Reply to Plaintiff's Opposition to the Defendant Organizations' Motion to Dismiss.

## PRELIMINARY STATEMENT

In opposition to the Motion to Dismiss the Second Amended Complaint, Plaintiff has filed the very same brief she filed in July 2020 in response to the Motion to Dismiss the First Amended Complaint, with only a few minor changes in pagination or style.[1]

In her latest submission, Plaintiff has demonstrated what the Defendant Organizations have maintained all along: this is not a lawsuit, which is to say an effort to obtain damages from a legal person or entity for a cognizable wrong. This case is a publicity stunt, and counsel has now essentially admitted that. In her January 13, 2020, letter to the Court, ECF No. 62, Plaintiff conceded that her intent is to hold **the Falun Dafa religion** responsible for what she claims happened to her. And she unequivocally announces the same thing throughout her current Opposition Brief. She filed this case against the Defendant Organizations, intending not to obtain legal relief for a legal wrong committed by them, but to "expose" Falun Dafa, which she calls a "shadow world underground organization that masquerades as a 'religion.'" Pl. Opp., p. 4.

Plaintiff consistently refers to the Memorandum of Law submitted by the Defendant Organizations ("Def. Orgs. MOL") as "Falun Dafa's brief," which of course it is not: it is the brief of the specific legal persons that she has chosen to sue. Throughout her discussion of her

---

[1] For example, the current Opposition (Pl. Opp.") contains nothing to address the many arguments Defendants included in their May 2021 brief that were not in their earlier Motion to Dismiss.

1

individual claims, she repeatedly names Falun Dafa, not the Defendant Organizations, as the responsible party. *See, e.g.,* Pl. Opp., p. 8, where she alleges that "**the religion**" was Cheung's employer, and was therefore responsible for his misconduct. The Opposition does not, however, provide a basis from which to infer that the Defendants Organizations may be held liable for either the actions of which she complains or the injuries that purportedly followed from them.

"Falun Dafa" is not a legal person, and it cannot be a party to this or any lawsuit. It is a religion. *See, e.g., Zhang Jingrong v. Chinese Anti-Cult World All.*, 311 F. Supp. 3d 514 (E.D.N.Y. 2018) (the practice/tenets of Falun Dafa qualify as a religion under U.S. law). And obviously religions are not legal entities. *See. e.g.,* W. COLE DURHAM & ROBERT SMITH, RELIGIOUS ORGANIZATIONS AND THE LAW, § 8:21 (2017). One may no more sue the Falun Dafa religion for the alleged misdeeds of its adherents than one may sue "Catholicism" for alleged sexual predation or other misconduct by its clergy. The Motion to Dismiss, the Memorandum of Law in support, and this Reply are filed on behalf of the Defendant Organizations, not Falun Dafa. Plaintiff is free to hold any view she likes with respect to the religion. She may even repudiate her (sworn) asylum application, in which she claimed to be an adherent.[2] But she cannot use this lawsuit to do so.

Along with making clear that Plaintiff intends not to state a legal case but to vent her anger at the faith she once espoused, her Opposition does nothing to rectify the flaws and omissions of the Second Amended Complaint ("SAC") against the Defendant Organizations. Instead, she ignores, misconstrues, and misstates Defendants' arguments urging dismissal of her claims for (i) *respondeat superior* liability, (ii) negligent hiring and supervision, (iii) negligent security, (iv) forced labor and peonage, and (v) RICO. At the close of her introduction, Plaintiff poses the question: has she presented "enough facts to raise a reasonable expectation that discovery will reveal

---

[2] The asylum application is attached as Exhibit B to Plaintiff's Opposition. In it she states, *inter alia,* "I will never give up my faith" in Falun Dafa. Page 5, part B.1(b)(3). *See* Def. Orgs. MOL, p. 3, n.3, for further discussion.

2

evidence of the alleged wrongdoing"? Pl. Opp., p. 6. But the answer is still no, even in this third attempt to formulate a proper complaint, and the Opposition does not suggest otherwise.

## ARGUMENT

### I. PLAINTIFF DOES NOT STATE A CLAIM FOR RESPONDEAT SUPERIOR.

#### A. Plaintiff's Opposition Does Not Establish an Employment Relationship Between the Defendant Organizations and Cheung.

To assign liability to an entity for the acts of an individual, a plaintiff must show an employment, agency, or similar relationship between those parties. Plaintiff never does that. Instead, in her undifferentiated attack on the Falun Dafa religion, Plaintiff lumps all of the Defendant Organizations together and claims that **all of them** were Cheung's employer. The allegations lodged against them are identical, *see* Def. Orgs. MOL, p. 6. The SAC never explains how eight legally different entities **all** could employ the very same person at the very same times, notwithstanding their different identities, headquarters, and staffs. SAC, ¶ 16. The Opposition does not remedy this fatal flaw. Pl. Opp., pp. 8-9. Indeed, it compounds the problem by alleging that Cheung was employed, not by the Defendant Organizations, but by a religion, Pl. Opp., p. 8.

#### B. Scope of Duty Generally.

The Defendant Organizations have demonstrated that Plaintiff's *respondeat superior* claims must be dismissed: she presents no facts showing that any alleged tortious conduct was undertaken within the scope of Cheung's duties to his employer, as required under New York law. *Doe v. Alsaud,* 12 F. Supp.3d 674, 677 (S.D.N.Y. 2014); Def. Orgs MOL, pp. 6-8. The factual allegations prerequisite to such a claim must be more than mere speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 545 (2007). However, the Opposition offers only repetition of what is said in the SAC. *See, e.g.,* Pl. Opp., pp. 8-9, where she asks the Court to infer that Cheung was acting within the scope of his duties (to whom, she does not say), from the duration of his "employment" as a recruiter/organizer, and claims without support that Plaintiff's "coerced" attendance at Falun Gong events somehow benefited the religion. Neither fact, even if true, would suffice. The duties

3

of recruiters obviously do not include sexual abuse or forced labor.[3] Plaintiff's insistence that her supposed "coerced" attendance at Falun Gong events benefited the religion, MOL, pp. 17-18, is similarly unpersuasive and illogical. *Id.* Her protestations that her fanciful speculations are enough to keep this claim alive fail in light of well-established pleading standards to the contrary.

Cheung is accused of "utiliz[ing] threats of physical and sexual violence" to force Plaintiff to participate in Falun Gong events. Pl. Opp., p. 8; SAC ¶ 119. But *respondeat superior* simply does not apply to sexual violence or threats, which do not "further an employer's business, even when committed in [an] employment context." *Alsaud*, at 677-78; Def. Orgs. MOL, p. 8. Plaintiff offers no reason to deviate from these precedents.[4]

### C. The *Riviello* Factors.

The Defendant Organizations have also demonstrated that virtually all of the relevant factors mandated by this Court in *Adorno v. Corr Servs. Corp.*, 312 F. Supp.2d 505, 516-17 (S.D.N.Y. 2004), to assess whether a plaintiff has adequately pled that the alleged conduct was within the scope of employment, militate in favor of dismissal. *Riviello v. Waldron*, 47 N.Y.2d 297, 302 (N.Y. 1979); Def. Orgs. MOL, pp. 8-10.

Plaintiff argues first that the five-factor test used by the Court in *Adorno* is inapplicable because that case was decided on a summary judgment motion. Pl. Opp., p. 7. This ignores, however, the many times the test has been applied in adjudicating motions to dismiss. *See, e.g., Haybeck v. Prodigy Servs. Co.*, 944 F. Supp. 326, 329 (S.D.N.Y. 1996). Even if, as Plaintiff further contends, some courts do not require that a pleading demonstrate **every** factor prerequisite to a

---

[3] Plaintiff contends that Cheung's role as an organizer specifically included the coerced participation of Chen in Falun Gong events. Pl. Opp., p. 8. However, the SAC does not say anything like that: it alleges merely that Cheung's roles included organizing and recruiting. *See* SAC ¶¶ 118, 135.
[4] Plaintiff protests that her case is about not sexual violence but "slavery." Pl. Opp., p. 8. This is presumably an attempt to persuade the Court that the precedents cited by the Defendant Organizations do not apply because the supposed misconduct was not merely for Cheung's gratification, SAC ¶ 105, but also to force her to support Falun Gong events against her will. *Id.* ¶¶ 104, 106, 119. However, Plaintiff cannot allege that Cheung's role as a recruiter or organizer encompassed "slavery" any more than it encompassed sexual violence. *See, e.g.,* Def. Orgs. MOL, pp. 15-19.

4

cause of action, the SAC does not satisfy a single one. Moreover, the Opposition omits even the most significant requirement before an employer may be held liable for the misbehavior of its employee, foreseeability. Def. Orgs. MOL, pp. 9-10.[5]

## II. PLAINTIFF DOES NOT STATE A CLAIM FOR NEGLIGENT HIRING OR NEGLIGENT SECURITY.

### A. Negligent Hiring, Retention, and Supervision.

Plaintiff's claim for negligent hiring, retention, and supervision should be dismissed because she fails to allege facts that the Defendant Organizations employed Cheung, that they had notice of his "propensity" for the conduct allegedly causing the injury, or that those acts occurred on the Defendants' premises. Def. Orgs. MOL, 10-13; *Alsaud*, at 680. Again, the Opposition does not remedy these defects, it simply denies that they exist. Pl. Opp., pp. 12-13.

#### 1. The Opposition Does Not Cure the Failure to Allege That Cheung Was Employed by Any of the Defendant Organizations.

To make a claim assigning liability to the Defendant Organizations for Cheung's misconduct Plaintiff must show that the "tortfeasor and the defendant were in an employee-employer relationship." *FAT Brands Inc. v. PPMT Cap. Advisors, Otd.,* 2021 WL, 37709, at *6 (S.D.N.Y. 2021), citing *Ehrens v. Lutheran Church*, 385 F.3d 232 (2d Cir.2004). Plaintiff argues that New York State law does not require an employer-employee relationship. Pl. Opp., pp. 11-12. She is wrong: the Second Circuit reaffirmed this element of a negligent supervision claim recently, in *Rich v. Fox News Network*, LLC, 939 F.3d 112, 129 (2d Cir. 2019). As a result, the earlier cases Plaintiff relies on are irrelevant. Unless the New York Court of Appeals or the Second Circuit says

---

[5] Plaintiff asks for an opportunity to take discovery, Pl. Opp. pp. 6-7, 9-10, 13, 18, 21-23. However, neither her Second Amended Complaint nor the Opposition "raise[s] a reasonable expectation that discovery will reveal evidence of the alleged wrongdoing." Dismissal cannot be avoided by speculation as to what discovery might reveal. *See, e.g., Milosevic v. O'Donnell*, 89 A.D.3d 628, 629 (1st Dept 2011). *See also Alsaud,* 12 F.Supp.3d at 683 (the alleged need for discovery is rejected as speculative and unsupported by the allegations in the complaint).

5

otherwise, this Court is bound by *Ehrens,* and, as in *FAT Brands,* Plaintiff's claim must be dismissed for failure to plead the existence of an employer-employee relationship.

      2. <u>The Opposition Does Not Cure the Failure to Allege That the Defendant Organizations Had Notice of Cheung's Supposed Propensity for Misconduct.</u>

Plaintiff still offers no basis from which to infer that the Defendant Organizations had notice of any prior misconduct of any nature by Cheung. Pl. Opp., pp. 12-13. Instead, she relies on such threadbare conclusory allegations as that they "knew of [Cheung's] … methods of organization." Pl. Opp., p. 12. But a "formulaic recitation of the elements of a cause of action will not do," *Twombly*, 550 U.S. at 555, and in particular, "[c]onclusory allegations of negligent supervision are insufficient to overcome a motion to dismiss." *Alsaud* at 680, citing, *Ross v. Mitsui Fudosan*, 2 F. Supp.2d 522, 532-33 (S.D.N.Y. 1998). *See also* Def. Orgs. MOL, p. 11, citing *Read v. Corning Inc.*, 371 F. Supp.3d 87, 92 (W.D.N.Y. 2019).

Next, Plaintiff asks the Court to infer the Defendant Organizations' purported knowledge of Cheung's proclivities from the duration and scope of his purported employment with them as a recruiter, and his supposed coercion of Plaintiff to file for asylum. Pl. Opp., p. 13. But again, she offers no explanation as to how those facts, even if proven, could constitute the "specific prior acts" needed to permit the inference that the Defendant Organizations knew or should have known of Cheung's propensity to commit the alleged abuses, as required by this Court. *See A.B. v. Staropoli*, 929 F. Supp. 2d 266, 284 (S.D.N.Y. 2013); *In re SAIC Inc. Derivative Litig.*, 948 F. Supp.2d 366, 387 (S.D.N.Y 2013), and Def. Orgs. MOL, pp. 11-12.

      3. <u>Plaintiff Does Not Claim That She Was Injured on Defendants' Premises.</u>

Plaintiff's negligent hiring and supervision claims warrant dismissal also because the alleged misconduct did not take place on Defendants' premises. Def. Orgs. MOL, pp. 12-13. Plaintiff simply denies that this is a requirement, Pl. Opp., pp. 10-11, but the law is clear. *See, e.g., Alsaud*, at 680. The case on which Plaintiff relies, *Krystal G. v. Roman Catholic Archdiocese of Brooklyn*, 34 Misc.3d 531 (N.Y. Sup. Ct 2011), was described as an "outlier" on this issue in *Alsaud*, at 684. Since Plaintiff

6

does not and cannot allege that misconduct occurred on the Defendant Organizations' premises, this claim should be dismissed for this reason as well.[6]

### B. Negligent Security.

A negligent security claim requires a plaintiff to show that (1) the owner or occupier of the premises where the injury occurred owed a duty of care, (2) the duty was breached, (3) injury resulted from the breach, and (4) the injury was foreseeable. *Schaeffer v. Vera Wang Bridal House, Ltd.*, 64 F. Supp.2d 286, 292-93 (S.D.N.Y 1999); Def. Orgs. MOL, p. 13. But the Second Amended Complaint does not identify a single fact to support any of these elements, Def. Orgs. MOL, pp. 13-14 and Plaintiff does nothing to cure these defects in her Opposition.

Plaintiff is correct that a claim for negligent security may be maintained where an injury occurred on premises occupied, rather than owned, by a defendant. Pl. Opp., pp. 13-14. But as the Defendant Organizations pointed out, Def. Orgs. MOL, pp. 13-14, this does not help her: she cannot claim that Defendants "occupied" (much less "owned") the public places where Cheung allegedly harmed her. Pl. Opp., p. 16. Obviously, parade organizers do not "control" the city streets where Plaintiff says her injuries were sustained. No reported negligent security case suggests such a thing. She relies on *Plante v. Hinton*, 271 A.D.2d 781, 782 (N.Y. App. Div. 2000), Pl. Opp., pp. 14-15, but that case was dismissed precisely because the defendant could not control the conduct of participants or spectators during a parade. Plaintiff's entire submission to the contrary is the naked assertion that the events took place "within a zone of ... [Defendants'] control." Pl. Opp., p. 16; SAC ¶ 169. That claim, apparently referring to city streets, is untenable.

Plaintiff's final argument, that her SAC adequately alleged foreseeability, is also defective. Plaintiff does not contend that any similar abuse had occurred in that area earlier, *id.*, p. 16, *see Schaeffer*, 64 F. Supp.2d at 294, or that unique circumstances required the Defendant Organizations to take steps to minimize any risk of danger to her. Def. Orgs. MOL, pp. 13-14, citing, *e.g., Moskal*

---

[6] *See also David v. Weinstein Co. LLC*, 2019 WL 1864073, at *7 (S.D.N.Y. 2019).

*v. Fleet Bank*, 180 Misc.2d 819, 825-26 (N.Y. Sup. Ct. 1999). Plaintiff does not dispute these points; she does not even mention them. Pl. Opp., p. 16. Her silence here is fatal to her claim.

### III. PLAINTIFF DOES NOT STATE A CLAIM UNDER THE TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT.

Plaintiff's SAC attempts to hold the Defendant Organizations responsible for peonage and forced labor under § 1589(a) or (b) of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). Nothing in the Opposition adequately supports either contention.

#### A. Peonage.

"The essence of [peonage] is compulsory service in payment of a debt." *Bailey v State of Alabama*, 219 U.S. 219, 242 (1911). Plaintiff does not allege that she was forced to do anything to discharge indebtedness. MOL, pp. 14-15. The Opposition fails to mention the peonage claim; presumably any objections to its dismissal have effectively been waived.

#### B. Forced Labor.

Nor does her SAC state a viable claim for forced labor under the TVPRA. Apart from her failure even to allege that she was forced to "work,"[7] Plaintiff has nowhere alleged that the Defendant Organizations obtained her "labor" through any of the methods outlined in § 1589(a). MOL, p.15. Nor has she satisfied § 1589(b), which would require her to allege that the Defendants "benefit[ed]" from their "participation" in a forced labor scheme and did so "knowingly." *Id.*, pp. 15-19. The Opposition does not remedy these flaws.

This Court has held that "participation" in the context of a TVPRA sex trafficking claim requires that a defendant do far more than provide perfectly legitimate routine services, but actually promote the alleged TVPRA scheme. Def. Orgs. MOL, p. 16, citing *Nobel v. Weinstein*, 335 F. Supp.3d 504, 524 (S.D.N.Y. 2018); *U.S. v Afyare*, 632 Fed. App. 272, 286 (6th Cir. 2016). But Plaintiff offers no facts suggesting that the Defendant Organizations did anything to promote any

---

[7] Plaintiff's grievance seems to be that Cheung coerced her to "attend and participate in" certain demonstrations or festivals. She does not explain how such activities could be regarded as "labor" or "work." Def. Orgs. MOL, p. 15.

8

alleged forced labor. MOL, pp. 16-17. Plaintiff does not address this requirement in her Opposition. Nor does she adequately explain how the Defendant Organizations "benefited" from, or even knew about, a plan to exact forced labor from her. Pl. Opp., pp. 17-18.

With respect to benefit, as was true of earlier versions of her Complaint, Plaintiff constantly repeats that what Cheung allegedly did to her was "for [the] benefit of the Defendant Organizations." *See*, *e.g.*, SAC, ¶ 123. She asserts that her attendance at Falun Gong public activities somehow promoted the legitimacy of the religion, which "bolstered the Defendant Organizations." Pl. Opp., pp. 17-18. But nowhere does she explain how her presence at any of these events would even have been noticed. The Opposition does not cure these defects, but simply asks the Court simply to treat her speculation as sufficient. *Id.*[8]

As to knowledge, the SAC does not suggest that the Defendant Organizations knew that forced labor was supposedly exacted by their purported employee. Def. Orgs. MOL, pp. 18-19. Allegations that Cheung's misconduct lasted for a year and a half, and that she was "enslaved" for that length of time, SAC, ¶¶ 114, 140, fall short insofar as courts in this Circuit have declined to draw inferences of knowledge based on far longer involvement. MOL, p. 19.[9] Again Plaintiff's Opposition does not fix these problems; indeed, she does not even acknowledge them. Instead, she simply repeats the claim that Cheung was an employee of the Defendant Organizations, that he was "employed" for a year and a half, and that the supposed misconduct occurred in public view are sufficient. Pl. Opp., p. 17. They are not. Def. Orgs. MOL, pp. 18-19; 10.

## IV. PLAINTIFF DOES NOT STATE A CLAIM UNDER RICO.

The Second Amended Complaint does not adequately allege that Plaintiff "was injured by Defendants' (1) conduct (2) of an enterprise, (3) through a pattern (4) of racketeering activity, as required under § 1962(c) of RICO. Def. Orgs. MOL., pp. 19-24. She fails to point to a single

---

[8] Plaintiff also fails to allege the required causal relationship between any benefit the Defendant Organizations purportedly received and their participation in the alleged scheme, as is required. Def. Orgs. MOL, p. 18 (citing § 1595(a) in addition to *Geiss v. Weinstein*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019)).
[9] *See*, e.g., MOL, p. 19, citing *In re SAIC Inc.,* 948 F. Supp.2d at 387.

9

predicate act of forced labor committed by the Defendant Organizations, any indication that the Defendant Organizations had anything to do with a supposed "enterprise," the existence of a pattern of racketeering activity, or an injury resulting from actions of these Defendants. Again, the Opposition does not address the problem. Def. Orgs. MOL, pp. 19-23; Pl. Opp., pp. 18-22.

## CONCLUSION

The Second Amended Complaint does not satisfy the rules of pleading laid out in Rule 8(a) of the Federal Rules of Civil Procedure, as interpreted by the Supreme Court in *Twombly*, 550 U.S. 554 (2007). And Plaintiff's Opposition to the Motion to Dismiss the Second Amended Complaint does nothing to fix any of the deficiencies that permeated the original and the first amended versions. To the contrary, Plaintiff has doubled down on her diatribe about "the shadow world underground organization that masquerades as a 'religion'," Pl. Opp., p. 4 – a religion to which, according to her own submissions, she pledged eternal loyalty – makes clear beyond doubt that compliance with the Rules, as interpreted by the U.S. Supreme Court, does not feature in Plaintiff's plans. Her admission that this case is about "exposing" the Falun Dafa religion, *see, e.g.*, Pl. Opp. p. 4, does not free Plaintiff from the obligations applicable to all litigants, which include stating a cognizable cause of action against every party named as defendant.

Plaintiff Jingyu Chen has now utterly failed, in three tries, to state causes of action upon which relief can be granted against the Defendant Organizations. The Opposition does not supply the specificity required under *Twombly*. The Second Amended Complaint as to the Defendant Organizations should therefore be dismissed with prejudice.

10

Respectfully submitted,

/s/ Terri E. Marsh

Terri E. Marsh
HUMAN RIGHTS LAW FOUNDATION
1701 Rhode Island Avenue, N.W.
Fourth Floor
Washington, D.C. 20036
Tel.: 202-697-3858
Email: Terri.marsh.hrlf@gmail.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____
JINGYU CHEN                                )
                                           )
       **Plaintiff,**           )
                                           )
       v.                     )   Civil Action No. 19-cv-05387 (PMH)
                                           )
YONG ZHAO CAI, *et al.*,                   )   **CERTIFICATE OF SERVICE**
                                           )
       **Defendants.**          )
_____)


I, Terri E. Marsh, hereby certify that on the 30th day of June 2021, I caused copies of the foregoing Memorandum of Law in Reply to Plaintiff's Opposition to Defendant Organizations' Motion to be Dismissed to be served upon all counsel of record who consented to electronic service via the Court's ECF System. I have served the same materials by U.S. mail upon the party listed below:

    Mr. Kim Cheung
    46-64 189th Street
    Flushing NY 11358


                Respectfully submitted,

                /s/ Terri E. Marsh
                1701 Rhode Island Avenue NW
                Fourth Floor
                Washington, D.C. 20006
                Tel: (202) 697-3858
                Email: Terri.marsh.hrlf@gmail.com

                *Attorney for the Defendant Organizations*