# The Law Office OF JOSHUA MOSKOVITZ, P.C.

14 Wall Street, Suite 1603      www.moskovitzlaw.com
New York, New York 10005      Fax (888) 398-0032
Tel. (212) 380-7040      josh@moskovitzlaw.com

February 28, 2021

> The Court shall address the parties' discovery dispute during the conference already scheduled for April 20, 2022.
>
> The parties are advised that the conference scheduled for 2:00 p.m. on April 20, 2022 shall now longer be held by telephone; rather, it will be held in-person in Courtroom 520 at 300 Quarropas Street, White Plains, New York.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 136.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>       March 1, 2022

Re: *[...] v. Yong Zhao Cai* et al., No. 19-cv-05387 (PMH)

[...] Cheung, and I write pursuant to Rule 4(D) of Your Individual [...] 37.2 conference regarding Plaintiff's failure to produce discovery.[1] Plaintiff alleges that she was the victim of human trafficking and Mr. Cheung, "intentionally contributed to [her] violent enslavement." Dkt. 93 at ¶¶ 102-107. Plaintiff claims Mr. Cheung forced her to file an asylum application, and because of that, Plaintiff "will not be able to return to China." *Id.* ¶ 111. She also alleges she "was severely injured bodily, emotionally, and psychologically." *Id.* ¶¶ 112. Defendant Cheung served the discovery requests attached as Exhibit 1. Plaintiff responded with boilerplate objections and an omnibus response to 75 document requests in violation of Rule 34(b)(2)(B). *See* Ex. 2. Plaintiff objected to the other 33 document requests with the nonsensical objection, "[t]his demand calls for information and is not a document request." After extensive conferrals, the parties were unable to resolve the following issues.[2]

---

[1] I am aware of Your Honor's rule limiting discovery letters to five pages double-spaced. Eight days after I sent a draft of this letter, Plaintiff's counsel responded with several pages of additional discovery issues that he wanted to raise. I asked Plaintiff's counsel to prepare a separate, joint letter addressing those issues, but Plaintiff's counsel insisted this letter include his response verbatim. Accordingly, the first four pages address the issues that Defendant Cheung sought to raise, and the remaining three pages address the additional issues Plaintiff has raised.

[2] Plaintiff's counsel and I conferred by telephone on November 18, 2021. At Plaintiff's counsel request, I sent the letter attached as Exhibit 3. Plaintiff's counsel and I spoke again on December 20, 2021. On January 7, 2022, Plaintiff's counsel sent the letter attached as Exhibit 4. We conferred again by telephone on January 18, 2022.

**1. Plaintiff's asylum application and legal status in the United States (Doc. Reqs. 13, 14, 16).**

Plaintiff has not produced documents concerning her asylum application, immigration efforts, and legal status in the United States (*see* Doc. Reqs. 13, 14, & 16). Plaintiff acknowledged that her "immigration attorney is in possession of documents related to plaintiff's immigration status, asylum, etc.," Ex. 2 at ¶¶ 13, 14; but has not produced those documents. Plaintiff's relevance objection to producing the other documents is meritless. Plaintiff alleges Mr. Cheung "forced" her to file an asylum application and that she "will not be able to return to China" because of this application. Dkt. 93 ¶ 111. Thus, documents related to Plaintiff's asylum application and efforts Plaintiff has made to return to China or remain in the United States are relevant.

**2. Records maintained by the U.S. Citizenship and Immigration Services (Doc. Req. 15).**

Plaintiff has not provided a release for records maintained by the U.S. Citizenship and Immigration Services, but failed to adequately object to this request. *See* Ex. 2 at ¶ 15. Plaintiff's explanation for not providing this release – "plaintiff's identity and immigration information beyond what has been disclosed is not relevant," Ex. 4 at 1 – is conclusory and meritless.

**3. Plaintiff's electronic devices (Interrogatory 2) and ESI (Doc. Req. 18).**

Plaintiff has not identified her current phone and all email and social media accounts in response to Interrogatory 2, and has failed to search for relevant electronically stored information. The relevance of ESI in this case is clear as Plaintiff's claims cite text messages, *e.g.*, Dkt. 93 at ¶¶ 31, 35, and Plaintiff has posted to social media about her allegations.

Plaintiff's counsel said Plaintiff would identify her current phone and search her ESI for relevant communication; but that has not been done and it has been more than four months since Mr. Cheung served discovery requests. Moreover, documents recently produced in response to a subpoena reveal that Plaintiff has an email account and a Facebook account that she omitted in

response to Interrogatory 2. Those records also show that Plaintiff has made threats toward Defendant Cai's family on the Facebook account she failed to identify.

We ask, based on Plaintiff's intentional omission of ESI sources that contain relevant communications and failure to search her ESI, that the Court order Plaintiff to provide access to *all* of her ESI sources to a third-party to collect and search that ESI at Defendant Cheung's expense.

**4. Relevant medical records (Doc. Req. 30).**

Plaintiff provided one medical release, but has not provided releases for all of her relevant medical treatment. Police reports reveal that Plaintiff was twice admitted for mental health evaluations during the time period she claims she was enslaved. Plaintiff has refused to produce a release for these records. Similarly, Plaintiff has refused to provide a release for medical treatment she received, even though she alleges that she "was severely injured bodily." Dkt. 93 ¶ 112.

**5. Relevant tax records (Doc. Req. 29).**

Plaintiff has refused to produce releases for tax records during the relevant period (2016 to 2021). Plaintiff's counsel asserts, "the plaintiff was in a state of slavery in 2016 and 2017" and "the plaintiff did not pay taxes in those years." Ex. 4 at 2. Of course, Defendant Cheung is entitled to seek discovery that may prove otherwise. Similarly, while Plaintiff now says she is not pursuing a lost wages claim, whether Plaintiff was able to work, the type of work she performed, and the amount of her earnings are relevant to dispute Plaintiff's claims that she has been prevented from returning to China. Records of Plaintiff's work history and earnings are also relevant to her damages, as she has alleged that she suffered severe psychological trauma that will continue to cause "distress and anguish for the balance of her natural life." Dkt. 93 ¶¶ 112-113.

**Plaintiff's position (from Christopher R. Mount)**

Your Honor: As you are aware, our firm represents the plaintiff in the above-referenced action. As described above in part, counsel for defendant Kim Cheung, Mr. Moskovitz and I have

THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.                                                                          Page 4

attempted to work through paper discovery exchanges. As mentioned, we have had multiple meet and confers via phone and have discussed the various issues via email as well. I am writing to you pursuant to Local Civil Rule 37.2 and Your Honor's Part Rule seeking a conference concerning the defendant's failure to provide discovery. I will attempt to be brief.

**Regarding Defendant Kim Cheung's Above Allegations**

Regarding the defendant's points 1 & 2 above, relating to immigration documents and information, it is our position that we have provided an adequate response. We have provided all documents concerning the plaintiff's immigration status.

Regarding the defendant's point 3, relating to ESI, we have provided do photographs and other discovery in our possession. Regarding the texts alleged to have occurred in paragraphs 31 and 35 in the 2nd amended complaint, those would be conveyed if they were in our possession. The original cell phone Ms. Chen had when she was in China was confiscated by defendant Yong Zhao Cai when Ms. Chen came to the United States. She no longer has access to that phone or the corresponding account. Furthermore, both Ms. Chen and defendant Yong Zhao Cai admitted at their depositions to being in a romantic relationship where the communicated via text – the substance of what is alleged in those paragraphs.

Regarding the defendant's points 4, we have provided a release for the treatment she underwent. Regarding defendant's point 5, we have objected to providing tax documents or a release for the same. The plaintiff is waving the lost wages claim. There is no relevant discoverable information that would be obtained by the defendants assuming they had access to the plaintiff's tax records. This is merely a fishing expedition.

**Regarding Defendant Kim Cheung's Total Failure to Comply with Discovery**

We originally propounded document demands upon the defendant Kim Cheung back on July 5, 2021. Upon being retained, Mr. Moskovitz provided non-existent responses to those

demands on November 1, 2021. All negotiations and attempts to obtain actual responses have been utterly fruitless.

In demand (1) of our July 5th demands we sought the production of real property documents. We have alleged that plaintiff was the victim of human trafficking in certain instances where she was forced to attend Falun Dafa protests, festivals, celebrations, and other meetings. We have alleged negligent security against the Falun Dafa defendants, among other causes of action. Therefore, we want to ascertain whether or not Mr. Cheung was the owner of any property where the plaintiff was trafficked. Demand (2) relates to insurance documents. We have alleged a multitude of negligence causes of action in all iterations of the complaint. While human trafficking and civil rico claims are not usually covered under an insurance policy, negligence causes of action usually are.

In demand (3) we sought documents related to any business entities that Mr. Cheung owned a legal interest in or was an officer or employee in. Demand (4) seeks further documents related to falun gong/dafa. Throughout the complaint we alleged that Mr. Cheung is an employee of the falun dafa/gong entities and an organizer in the falun dafa religion. We have alleged that Mr. Cheung has used this capacity to traffic the plaintiff and she was severely injured as a result. Mr. Cheung swore under oath to being an organizer for falun dafa. Furthermore, Mr. Cheung has testified at his deposition that he has assisted other people with the immigration process in the United States similarly to the way he "assisted" Ms. Chen. Therefore, we seek these documents in order to further establish and illuminate Mr. Cheung connection to the falun dafa religious organization, its corporate conduits, and his own business entities if any exist.

In demands (5) – (8) we are seeking documents related to Mr. Cheung travel to China and his communications with the other defendants and the plaintiff. Throughout this complaint we have alleged that the plaintiff was trafficked in part by the natural defendants as well as the falun

THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.                                                                    Page 6

dafa defendants. We have alleged that Mr. Cheung is effectively the connection between the natural defendants and the falun dafa defendants. Discovery thus far as demonstrated this. Since we have alleged that a conspiracy exists between Mr. Cheung and all other defendants in this case, we cannot think of any information that would be more relevant that Mr. Cheung's communications with all other defendants.

Mr. Moskovitz has taken the position that all of these requests constitute irrelevant fishing expeditions and his client is not obligated to disclose any documents or communications relating to (1) his business of assisting people with the immigration process in the United States, or (2) the falun dafa/gong entities, or (3) any of the named defendants. This is of course irrespective of the fact that all of these documents and communications would cut to the core of the allegations contained in the complaint. Obviously we differ with Mr. Moskovitz and look forward to discussing the case with Your Honor.

**Defendant Cheung's response to Plaintiff's additional discovery issues**

1. There is no merit to Plaintiff's assertion that Defendant Cheung "provided non-existent responses" to Plaintiff's discovery demands. Defendant Cheung provided a detailed response to each and every discovery request served by Plaintiff, in strict compliance with Rule 34(b)(2)(b), and produced two dozen pages of responsive documents. All of Plaintiff's interrogatories violated Local Civil Rule 33.3, and Defendant Cheung properly objected to those. Plaintiff's instant application is substantively improper because it fails to "quote or set forth verbatim" the requests at issue, and thereby violates Local Civil Rule 37.1.

2. Defendant Cheung properly objected to Plaintiff's demands for "real property documents" and "insurance documents" because they are irrelevant to any claims against Defendant Cheung. Plaintiff says these documents are relevant to the "multitude of negligence

THE LAW OFFICE OF JOSHUA MOSKOVITZ, P.C.                            Page 7

causes of action" pled. However, the only negligence claims pled are the 10th, 11th, and 12th Cause of Action, and those claims are not pled against Defendant Cheung.

      3.      Plaintiff's demands for "documents related to any business entities that Mr. Cheung owned a legal interest in or was an officer or employee in" and "documents related to falun gong/dafa," are impossibly vague, overly broad, and entirely irrelevant to any claim or defense in this case. Plaintiff's claims against the Falun Gong defendants are the subject of a pending motion to dismiss; and nothing in the Second Amended Complaint concerns any business Defendant Cheung owned or was ever an employee of.

      4.      Plaintiff says, "we are seeking documents related to Mr. Cheung travel to China and his communications with the other defendants and the plaintiff," but offers no relevance for travel-related documents. Plaintiff also fails to note that Defendant Cheung has responded to Plaintiff's requests for relevant communications by stating that he has no communications between the Defendants and Plaintiff and has no communications between himself and the other defendants concerning the Plaintiff or any of the subjects of this litigation.

Accordingly, there is no merit to the additional discovery disputes Plaintiff has raised.

_____

I appreciate the Court's attention to these issues.

                                                  Sincerely,

                                                  Joshua S. Moskovitz

cc:      All Counsel of Record